UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BARRY HIRSCHHORN,

                *Plaintiff*,

     -against-

FAMILY HEALTH INSTITUTE, INC.,

                *Defendant.*
------------------------------------------------------------------X

16 CV 6288

**COMPLAINT**

Plaintiff Barry Hirschhorn, by his counsel, The Harman Firm, LLP, alleges for his complaint against Defendant Family Health Institute, Inc. as follows:

### NATURE OF THE ACTION

1. Plaintiff Barry Hirschhorn ("Plaintiff" or "Mr. Hirschhorn") seeks damages and costs against Defendant Family Health Institute, Inc. ("Defendant" or the "Institute") for retaliating against him for taking leave under the Family Medical Leave Act ("FMLA") by treating him less well than his colleagues and ultimately terminating his employment, in violation of the FMLA.

2. Plaintiff also seeks damages and costs against Defendant for terminating his employment on the basis of his disability, in violation of the New York City Human Rights Law ("NYCHRL"), and for retaliating against him for raising complaints of discrimination, in violation of the NYCHRL.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendant violated Plaintiff's rights under the FMLA.

1

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under the NYCHRL, as those claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York as a substantial part of the events giving rise to the claims occurred within this District.

## TRIAL BY JURY

6. Plaintiff respectfully requests a trial before a jury.

## PARTIES

7. At all times relevant hereto, Plaintiff was and is a resident of New York County in the State of New York.

8. Upon information and belief, at all times relevant hereto, Defendant was and is a corporation organized under the laws of the State of New York with its principal place of business at 16 East 16th Street, New York, New York 10003.

## STATEMENT OF FACTS

9. In or around July 2011, the Institute hired Mr. Hirschhorn as a Practice Administrator.

10. Throughout his employment, Mr. Hirschhorn was a dedicated, reliable employee who consistently fulfilled his job duties. Though he rarely received the required periodic annual performance evaluation, his direct supervisors repeatedly verbally praised his job performance.

11. In or around 2015, Mr. Hirschhorn was diagnosed with cancer.

12. Mr. Hirschhorn's doctor recommended a course of treatment which required Mr. Hirschhorn to take leave from work.

13.     Accordingly, Mr. Hirschhorn sought medical leave, including FMLA leave, from the Institute in or around July 2015.

14.     Also in or around July 2015, Mr. Hirschhorn and his supervisor, Cynthia Estevez, discovered possible HIPAA violations by an Institute employee who was under the supervision of Valentina Ovodenko (the Institute's Nurse Manager and Associate Site Director).

15.     Ms. Ovodenko, who had supervisory authority over both Mr. Hirschhorn and Ms. Estevez, instructed them not to report the potential HIPAA violation and informed them that that she would handle the situation.

16.     Mr. Hirschhorn had been warned previously that he would be immediately terminated if he failed to report any potential HIPAA violations to of the Regulatory Compliance Department; because of these warnings he and Ms. Estevez brought the violation to the attention of the Regulatory Compliance Department.

17.     Shortly after Mr. Hirschhorn and Ms. Estevez brought the HIPAA violation to the Regulatory Compliance Department's attention, however, they were sternly reprimanded for doing so by Amy Pandya (the Institute's Medical Director and Site Director).[1]

18.     The Institute granted Mr. Hirschhorn's request for medical leave, and Mr. Hirschhorn went on FMLA leave from July 2015 to October 2015 to undergo extensive cancer treatment.

19.     On October 26, 2015, Mr. Hirschhorn returned to work.

---

[1] These HIPAA retaliaion issues are not grounds for a cause of action in this complaint, but they are the subject of a separate complaint to be filed with the United States Department of Health and Human Services.

20. Upon his return, he was met with many changes. For example, he had been relocated to a smaller, less desirable office, and many of his personal belongings had been moved and/or lost.

21. In fact, Mr. Hirschhorn was so marginalized that his colleagues were under the impression that he had been demoted, further demoralizing Mr. Hirschhorn and diminishing his authority in the office.

22. Ms. Estevez had been terminated by Defendant prior to Mr. Hirschhorn's return.

23. At a management meeting in November 2015, Ms. Ovodenko commented on Mr. Hirschhorn's return from medical leave by sarcastically remarking, "Barry was resting for 3 months." Mr. Hirschhorn immediately objected to the insensitive remark.

24. In or around January 2016, Mr. Hirschhorn was invited to a meeting with Ms. Ovodenko and Michael King (the Institute's new Operations Manager).

25. During that meeting, Mr. Hirschhorn was told by Ms. Ovodenko and Mr. King that he needed to "pick it up" after his disability leave. Such comments left Mr. Hirschhorn feeling targeted and humiliated. At the end of the meeting, Mr. King and Ms. Ovodenko gave Mr. Hirschhorn a written warning stating that Mr. Hirschhorn's performance must improve immediately or he would be terminated. This was the first performance-related write-up that Mr. Hirschhorn had received in the entirety of his employment at the Institute.

26. Moreover, Mr. Hirschhorn did not receive a verbal warning prior to the written warning, in direct contravention of the Institute's disciplinary policy.

27. Mr. Hirschhorn felt that the criticism directed towards him was driven by the physical changes caused by his cancer and the treatments necessary to combat it.

28. Mr. Hirschhorn had informed the Institute that his ongoing cancer treatments included a type of hormone therapy that impacted his energy levels and affected his physical demeanor.

29. Mr. Hirschhorn immediately complained to the Institute's Human Resources ("HR") Department regarding his treatment after his return from FMLA leave.

30. HR informed Mr. Hirschhorn that an investigation would be conducted.

31. On February 16, 2016, Mr. Hirschhorn called the Institute's Labor Relations Department to express his concern that Ms. Ovodenko and Mr. King's warning had been issued in retaliation for his prior complaints of discriminatory conduct and health and safety violations.

32. However, Labor Relations supported Ms. Ovodenko and Mr. King's discriminatory and retaliatory conduct: Labor Relations informed Mr. Hirschhorn that the remarks made during the annual staff evaluation meeting were not inappropriate and that no action would be taken against Ms. Ovodenko or Mr. King.

33. During the months of February and March 2016, Mr. Hirschhorn regularly needed to miss work due to his disability. He supplied medical documentation as required.

34. Ms. Ovodenko confirmed in a text message that Mr. Hirschhorn had permission to use his accrued vacation time until mid-March.

35. On March 2, 2016, Mr. Hirschhorn was terminated for purportedly failing to submit the appropriate medical documentation when he needed to miss work for medical reasons. However, Mr. Hirschhorn had been in regular communication with the Institute while he was out, in accordance with Institute policy.

36. The Institute gave Mr. Hirschhorn conflicting instructions regarding the process for calling out sick and the procedure for using his accrued vacation time.

37. Ultimately, the Institute purportedly terminated Mr. Hirschhorn for failing to fill out disability paperwork, even though Mr. Hirschhorn had indicated to the Institute that he was in the process of getting the forms completed and would be delivering them to the Institute shortly.

38. The Institute abruptly terminated Mr. Hirschhorn's employment 1) because he took FMLA leave due to his disability, and 2) in retaliation for his complaints about the discrimination he faced, and 3) reporting the Institute's HIPAA violations.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### Retaliation in Violation of the FMLA

39. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 42 with the same force as though separately alleged herein.

40. The FMLA prohibits employers from discriminating or retaliating against an employee for exercising or attempting to exercise any right protected by the FMLA.

41. Defendant discriminated against Plaintiff by treating him less well than other employees because he took FMLA leave.

42. Defendant retaliated against Plaintiff by issuing him his first write-up shortly after his return from FMLA leave and ultimately terminating his employment.

43. Defendant ultimately retaliated against Plaintiff by terminating him for taking FMLA leave.

44. As a direct consequence of Defendant's illegal conduct, Plaintiff has been denied wages, salary, employment benefits, professional advancement, and actual monetary losses.

45. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and compensation that the Court deems appropriate.

## SECOND CAUSE OF ACTION
### Retaliation in Violation of the NYCHRL

46. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 49 with the same force as though separately alleged herein.

47. NYCHRL prohibits an employer from retaliating against an employee for complaining of discriminatory practices that are illegal under the NYCHRL.

48. Plaintiff properly complained to Defendant of discriminators' comments and conduct concerning his disability.

49. Defendant retaliated against Plaintiff by, *inter alia*, reprimanding him, refusing to reprimand the discriminatory behavior, and ultimately terminating his employment.

50. As a direct consequence of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, substantial economic damages.

51. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION
### Disability Discrimination in Violation of the NYCHRL

52. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 55 with the same force as though separately alleged herein.

53. NYCHRL prohibits an employer from discriminating against an employee in the terms and conditions of his employment on the basis of that employee's disability.

54. Plaintiff was diagnosed with cancer, indisputably a disability; Defendant was aware of Plaintiff's disability.

55. Defendant discriminated against Plaintiff by criticizing him for taking medical leave, demeaning his medical condition, and issuing reprimands related to his disability.

56. Defendant ultimately terminated Plaintiff for requiring medical leave from work.

57. Defendant's discriminatory treatment of Plaintiff was willful and in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## REQUESTS FOR RELIEF

**WHEREFORE**, the individually named Plaintiff respectfully requests that this Court grant the following relief:

A. on Plaintiff's first claim, damages to be determined at trial;

B. on Plaintiff's second claim, damages to be determined at trial;

C. on Plaintiff's third claim, damages to be determined at trial;

D. an award of pre-judgment and post-judgment interest;

E. an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F. such other and further relief as this Court deems appropriate.

Dated: New York, New York
August 10, 2016

By: _____
Walker G. Harman, Jr. [WH-8044]
Owen H. Laird [OL-6994]
THE HARMAN FIRM, LLP.
*Attorneys for Plaintiffs*
220 Fifth Ave., Suite 900
New York, New York 10001
(212) 425-2600
wharman@theharmanfirm.com
olaird@theharmanfirm.com